NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-282

STEVEN D. FRANZOSA

vs.

JEFFREY E. ROSSMAN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Jeffrey E. Rossman represented the plaintiff, Steven D. Franzosa, in divorce proceedings.  Subsequently, Franzosa sued Rossman and others at Rossman's law firm for legal malpractice.  The parties later entered into discussions to settle the malpractice action.  Contending that Franzosa was repudiating an agreement that had been reached, the defendants filed a motion to enforce the settlement agreement.  After an evidentiary hearing, a judge of the Superior Court allowed the motion.  Franzosa appealed, claiming that the judge erred in finding an enforceable agreement.  We affirm.

---

[1] Neil Rossman, John Doe 1-5, and Jane Doe 1-5.

Background.  Represented by a different attorney (malpractice attorney), Franzosa brought a legal malpractice action against his former divorce attorney, Rossman, and others at Rossman's firm in December 2020.  The defendants thereafter filed a third-party complaint against Franzosa's malpractice attorney, seeking contribution.[2]  As a result, in November 2022, the malpractice attorney was disqualified from representing Franzosa in the action "for so long as the Third-Party Complaint seeking contribution is pending against her."  The malpractice attorney moved to dismiss the third-party complaint and, in the interim, another attorney (interim attorney) appeared on behalf of Franzosa.

Throughout this period when the interim attorney represented Franzosa, the parties discussed settling the claims and circulated several drafts of a stipulation of dismissal by e-mail.  In July 2023, the interim attorney told all parties that Franzosa had authorized him to sign "any legal pleadings . . . that would accomplish a dismissal of the . . . matter, with prejudice."  This position was consistent with the circulated stipulation proposing a mutual dismissal and release of all claims against all parties, with prejudice.

---

[2] The malpractice attorney had also previously represented Franzosa in postdivorce proceedings in the Probate and Family Court after the entry of the judgment of divorce nisi.  See Franzosa v. Franzosa, 98 Mass. App. Ct. 179 (2020).

On October 25, 2023, the parties appeared close to dismissing all claims, and were waiting for the malpractice attorney to return from vacation to execute the agreement in person because it would have resolved the claims against her, as well. On October 30, 2023, the third-party complaint against the malpractice attorney was dismissed. After the malpractice attorney returned and, no longer disqualified, resumed her representation of Franzosa on November 6, 2023, she told counsel for the defendants, "My client and I are always interested in talking to your office about your clients' settlement offer <u>of compensation</u>, about which we haven't heard one single word" (emphasis added). Because this differed from the previous settlement discussions, the defendants notified Franzosa of their intent to file a motion to enforce the settlement agreement reached with the interim attorney.

The defendants filed the motion to enforce the settlement agreement in January 2024. Franzosa filed an opposition, which was accompanied by affidavits from the malpractice attorney and the interim attorney. After a hearing, the judge allowed the defendants' motion, reasoning that the interim attorney had authority to settle the case on Franzosa's behalf, had reviewed the agreement and proposed no edits, and because the only thing delaying signature was the malpractice attorney's return -- a

3

requirement the judge found immaterial -- concluded that the parties agreed on all material terms as of October 26, 2023.

Discussion. Franzosa appeals, arguing the judge erred in (1) enforcing the unsigned settlement agreement when the parties had agreed that original "wet signatures" were necessary; and (2) concluding that the interim attorney had authority to settle the matter.

1. Signature requirement. Franzosa argues that no enforceable agreement was formed until it was signed, because the parties agreed to original signatures on the stipulation of dismissal and, thus, the lack of execution demonstrates a lack of intent to be bound. "A settlement agreement is a contract and its enforceability is determined by applying general contract law." Duff v. McKay, 89 Mass. App. Ct. 538, 541 (2016), quoting Sparrow v. Demonico, 461 Mass. 322, 327 (2012). To be considered enforceable, an "agreement requires (1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms." Targus Group Int'l, Inc. v. Sherman, 76 Mass. App. Ct. 421, 428 (2010).

To create an enforceable contract, the parties must have had the intention to be bound by their agreement at the time of its formation. See McCarthy v. Tobin, 429 Mass. 84, 87 (1999). "To ascertain intent, a court considers the words used by the

4

parties, the agreement taken as a whole, and surrounding facts and circumstances." Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 45-46 (1991). We accept the judge's factual finding of the parties' contemporaneous intent to be bound unless the finding is "clearly erroneous." Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996). See Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass. App. Ct. 29, 36 (2008). "A finding is 'clearly erroneous' only when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" (citation omitted). Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997).

Here, the judge explained his reasoning at the conclusion of the hearing on the motion to enforce, noting the following as evidence of the parties' intent to be bound: the interim attorney's testimony that he had authority to settle on Franzosa's behalf and was only waiting for the malpractice attorney's return to do so; the interim attorney's testimony that he did not propose any edits to the draft agreement; the defendants' acceptance of the malpractice attorney's October 25, 2023 proposed revisions to the draft; and the interim attorney's testimony that he had reviewed the stipulation of dismissal and had told the defendants' counsel that it "was exactly what [Franzosa] was looking for to settle all claims in the matter,

5

and that he and [Franzosa] would sign it."  The judge found the fact that the agreement was not signed immaterial, as the only language still pending negotiation did not address any material terms.

We detect no error in the judge's conclusion that the parties intended to be bound by the agreement as of October 26, 2023.  The draft stipulation accurately reflects Franzosa's position throughout the e-mail negotiations:  resolve all claims against all parties, with prejudice.

Franzosa cites to no authority supporting his argument that the missing signature indicates missing intent; he references only a footnote from McCarthy, 429 Mass. at 88 n.3, which states that parties may employ specific language if they do not intend to be bound by a preliminary agreement until the execution of a more formal document.  The parties here neither included nor requested such a provision.  And while parties certainly may expressly provide that they do not intend to be bound until the transaction is buttoned up by a more detailed and formal agreement, the lack of a signature is not sufficient to show such a lack of intent.  See id.  See also Goren v. Royal Invs., Inc., 25 Mass. App. Ct. 137, 140 (1987) ("If . . . the parties have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agree to execute is to serve as a polished memorandum of an already binding

6

contract").  Accordingly, we conclude that the judge did not err in finding that the parties intended to be bound by the stipulation of dismissal as of October 26, 2023.

2.  <u>The interim attorney's authority to settle</u>.[3]  Franzosa next challenges the judge's determination that the interim attorney had authority to settle on October 26, 2023, arguing that such a finding required evidence about communications between them to establish implied authority.[4]  This argument is misplaced.

In July 2023, the interim attorney informed the other parties that Franzosa authorized him to sign any legal pleadings that would accomplish a dismissal of the matter with prejudice. This is consistent with the interim attorney's hearing testimony that his "exact authority" was "that all parties be resolved, all claims be dismissed with prejudice."  The interim attorney knew Franzosa's objective and had actual authority to settle the

_____

[3] The defendants argue that Franzosa waived this specific argument by failing to raise it before the judge below.  In an exercise of our discretion, we address this argument on its merits without deciding the issue of waiver.  See <u>Zora</u> v. <u>State Ethics Comm'n</u>, 415 Mass. 640, 642 n.3 (1993).

[4] To the extent Franzosa argues that <u>testimony</u> about such communications is insufficient evidence of authority, this argument also fails.  See generally <u>Peters</u> v. <u>Wallach</u>, 366 Mass. 622, 627-628 (1975) (rejecting argument that counsel's testimony, which was only evidence of authority to settle, was insufficient and unavailable because of attorney-client privilege).

case under the stipulation's terms, as they accomplished his client's goal. See generally <u>Theo & Sons, Inc</u>. v. <u>Mack Trucks, Inc</u>., 431 Mass. 736, 743-744 (2000) ("Actual authority, either express or implied, is the agent's power to affect the principal's relations with third parties as manifested to the agent by the principal"). We discern no error in the judge's finding that the interim attorney had authority to settle.[5]

<u>Order allowing motion to enforce settlement agreement affirmed</u>.

By the Court (Singh, Hershfang & Wood, JJ.[6]),

Clerk

Entered: May 7, 2026.

---

[5] The defendants' request for appellate attorney's fees is denied.

[6] The panelists are listed in order of seniority.